UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG PETERSEN,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>INTERNAL REVENUE SERVICE, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 21-cv-01345-BAS-AGS<br><br>**ORDER GRANTING DEFENDANTS IRS AND UNGER'S MOTION TO DISMISS (ECF No. 10)** |

　　　Mr. Petersen, acting pro per, brings this action against the Internal Revenue Service ("IRS"), its revenue officer Joseph Unger, and Stefan Kasain claiming wrongful levy of taxes against the bank account of Crystal Castle Alliance, an organization of which Plaintiff alleges he is the "Director, President, Treasurer and Secretary."  (Compl. ¶¶ 3, 8.) According to the Complaint, this wrongful levy occurred as a result of Kasain's tax debts. (*Id.* ¶ 6.)

　　　The IRS and Unger move pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) to dismiss the action against them. (ECF No. 10.) Plaintiff responds (ECF No. 14), and the Government replies (ECF No. 15).  The Court finds this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the reasons stated below, the Court **GRANTS** the Motion.

//

## I. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. Of Am.,* 511 U.S. 375, 377 (1994). It is presumed that a case lies outside this limited jurisdiction, and the party asserting federal jurisdiction bears the burden of establishing federal court as the proper venue. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

For claims against the United States, subject matter jurisdiction exists only if plaintiff shows Congress has expressly waived sovereign immunity with respect to the claim. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Id.* (quoting *United States v. King,* 395 U.S. 1, 4 (1969)). When the United States has not consented to suit, the case must be dismissed for lack of subject matter jurisdiction. *Allied Royal Parking L.P. v. United States,* 166 F.3d 1000, 1003 (9th Cir. 1999).

### B. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

//
//

    **C.**    **Rule 12(b)(5)**

A defendant may move for dismissal pursuant to Rule 12(b)(5) of the Federal Rules of Civil procedure for insufficient service of process. When filing a lawsuit in this district against an agency of the United States, such as the IRS, a plaintiff is required to "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). The plaintiff may serve the United States by both: (1) "deliver[ing] a copy of the summons and . . . complaint to the United States Attorney" for the Southern District of California or sending copies of the summons and complaint "by registered or certified mail to the civil-process clerk" at the U.S. Attorney for the Southern District of California's office; and (2) "send[ing] a copy of [both the summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington D.C." Fed. R. Civ. P. 4(i)(1)(A)–(B).[1]

## II.    ANALYSIS

As a preliminary matter, IRS revenue officers may not be sued for alleged constitutional violations in the process of assessing and collecting taxes, no matter how egregious plaintiff claims those violations were. *Adams v. Johnson,* 355 F.3d 1179, 1184 (9th Cir. 2004). Therefore, Defendant Unger is dismissed from the case. Since there is no way for Plaintiff to cure this deficiency, Defendant Unger is dismissed with prejudice.

    **A.**    **Rule 12(b)(1)**

The United States has waived sovereign immunity for wrongful levy of taxes under 26 U.S.C. §7426. However, the United States only consents to the suit if the plaintiff has exhausted his administrative remedies with the IRS. *See* 26 U.S.C. §§7426(h)(2), 7433(d).

---

[1] "[I]f the action challenges an order of a nonparty agency or officer of the United States," the plaintiff must also "send a copy of [the summons and the complaint] by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1)(C).

Here, Plaintiff does not allege he exhausted his administrative remedies in either his Complaint or in his Response to Defendants' Motion to Dismiss. (ECF Nos. 1, 14.) Additionally, the Government files a declaration asserting that "[n]o administrative claim for damages pursuant to 26 U.S.C. §7426 on behalf of Craig Petersen . . . could be located in a search of IRS records and databases." (Unger Decl. at ¶ 7, ECF No. 10-1.) Accordingly, the case must be dismissed for lack of subject matter jurisdiction. However, if Plaintiff can allege that he has exhausted his administrative remedies with the IRS, he may amend the Complaint to add this allegation.

### B.  Rule 12(b)(6)

The Complaint suffers from an additional defect in that Plaintiff appears to lack statutory standing to bring the action. According to the Complaint, the wrongful levy was against the bank account of a "legally separate business organization," Crystal Castle Alliance. (Compl. ¶ 3.) Plaintiff does not allege that he was the owner of Crystal Castle Alliance or had any possessory interest in it, only that he was an officer of this organization.

The statute that authorizes an action for wrongful tax grants statutory standing to "any person . . . who claims an interest in . . . such property" wrongfully levied upon. 26 U.S.C. § 7426(a)(1). Thus, in order to establish statutory standing to bring a Section 7426(a)(1) claim, Plaintiff must allege that he has an interest in the bank account levied upon.

It is well established that a shareholder lacks standing to bring an action on behalf of a corporation in which he owns shares. *See e.g.*, *Sorrano's Gasco Inc. v. Morgan*, 874 F.2d 1310, 1318 (9th Cir. 1989) (section 1983 action); *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 641 (9th Cir. 1988) (RICO action). A legally separate business organization like Crystal Castle Alliance is simply an entity consisting of multiple individuals who could conceivably be harmed if the organization is harmed. "If, however, [courts] allow the corporation to litigate in its own name and collect the whole sum (as [courts] do), [courts] must exclude attempts by the participants in the venture to recover for their individual

injuries." *Mid-State Fertilizer Co. v. Exch. Nat. Bank of Chicago*, 877 F.2d 1333, 1336 (7th Cir. 1989).

Here, in order to establish standing, Plaintiff must allege ownership in the bank account he claims was wrongfully levied upon. Otherwise, the only proper plaintiff is the organization that owned the bank account. Because Plaintiff fails to so allege standing, the motion to dismiss pursuant to Rule 12(b)(6) is also granted. Again, if Plaintiff can allege a possessory interest in the bank account at issue, he may amend the Complaint to add this allegation.

Finally, under Section 7426, a plaintiff is limited to "actual direct economic damages." 26 U.S.C. § 7426(h)(1)(A). Hence, any punitive damages claim is dismissed.

### C. Rule 12(b)(5)

Defendants point out that Plaintiff improperly served the IRS since he was required to also serve the U.S. Attorney's Office for the Southern District of California and the Attorney General of the United States, as outlined above. The Court agrees. Any amended complaint must be properly served.

//
//
//
//
//
//
//
//
//
//
//
//

### III. CONCLUSION

Defendant Unger's Motion to Dismiss is **GRANTED** with prejudice. Joseph Unger is dismissed from the action.

Defendant IRS's Motion to Dismiss is **GRANTED** without prejudice. Plaintiff may file an amended Complaint, but only if he can allege: (1) that he exhausted his administrative remedies with the IRS before bringing this lawsuit and (2) that he has a personal possessory interest in the bank account levied upon. Any amended Complaint must be filed **on or before February 11, 2022**. If no amended Complaint is filed by the date, the Court will dismiss this action with prejudice without a further order.

**IT IS SO ORDERED.**

**DATED: January 21, 2022**

Hon. Cynthia Bashant
United States District Judge