UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG PETERSEN,<br><br>                    Plaintiff,<br><br>  v.<br><br>STEFAN KASAIN,<br><br>                    Defendant. | Case No. 21-cv-01345-BAS-AGS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT (ECF No. 20)**<br><br>**(2) DISMISSING ACTION WITH PREJUDICE** |

### I. BACKGROUND

Plaintiff Craig Petersen brought this action on July 27, 2021, against the Internal Revenue Service ("IRS"), its revenue officer Joseph Unger, and Stefan Kasain, claiming wrongful levy of taxes against the bank account of Crystal Castle Alliance, an organization of which Plaintiff alleges he is the "Director, President, Treasurer and Secretary." (Compl. ¶¶ 3, 8.) On January 21, 2022, the Court issued an Order granting the motion to dismiss filed by Defendants IRS and Unger, finding that Petersen failed to allege administrative exhaustion and statutory standing required to bring a wrongful levy claim. (Order, ECF No. 18.) The Court gave Petersen until February 11, 2022, to amend his

pleading, advising Petersen that "[i]f no amended Complaint is filed by the date, the Court will dismiss this action with prejudice without a further order." (*Id.* at 6.) Petersen did not file an amended Complaint or move for an extension of time before February 11, 2022. By operation of the Court's January 21, 2022 Order, Petersen's claims against Unger and IRS were dismissed with prejudice. Kasain remains as the only Defendant in this matter.

On February 15, 2022, the Court ordered Petersen to show cause why this action should not be dismissed against Kasain under Federal Rules of Civil Procedure 8(a) and 12(b)(6). (Order to Show Cause ("OSC"), ECF No. 19 (finding that Petersen failed to give Kasain notice of his claims, much less state a plausible claim for relief, because Petersen's allegations were directed against IRS and Unger).) The Court warned Petersen that his failure to respond on or before March 7, 2022, would result in a dismissal of this action with prejudice.

On March 7, 2022, Petersen filed a document entitled "Notice of Amended Complaint." (ECF No. 20.) Petersen notes that the document is in response to the Court's January 21, 2022 Order and requests sixty days to amend his Complaint to reallege his claims against IRS and Unger. (*Id.*)

## II.  ANALYSIS

### A.  Petersen's Motion to Amend his Complaint

Petersen moves the Court to grant him sixty days to amend his Complaint more than twenty-one days after his claims against IRS and Unger have been dismissed with prejudice. The Court construes Petersen's motion as a motion for reconsideration because he seeks to reassert the claims that were dismissed by operation of the Court's January 21, 2022 Order. Before the entry of judgment, the district court has an inherent power to reconsider its order. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Reconsideration of a prior order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). This

district's local rules governing civil actions require any motion for reconsideration be accompanied by an affidavit setting forth "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown." *See* Civ. L.R. 7.1(i)(1).

Petersen's motion does not comply with the local rule because the motion is not supported by any affidavit. Moreover, the motion does not establish good cause for the Court to grant him the "extraordinary remedy" of reopening his dismissed claims in reconsideration of the Court's January 21, 2022 Order. Petersen could have moved for an extension within the time allotted, but he has not done so. His belated motion merely states in a conclusory manner that "[d]ue to COVID-19 [he] has experienced inadvertent delays in accessing mail and necessary resources to respond" and that the alleged wrongful levy deprived him of resources to litigate this action. (ECF No. 20 at 2.) Such "conclusory statement is plainly insufficient to justify the 'extraordinary remedy' of reconsideration." *See Baranchik v. City of Redondo Beach*, No. CV 10-6870 PA (JCGX), 2011 WL 13217546, at *4 (C.D. Cal. Sept. 12, 2011).

Therefore, the Court denies Petersen's motion for reconsideration and denies him leave to amend the already dismissed claims against IRS and Unger.

**B.    Petersen's Claim against Kasain**

Petersen's motion does not respond to the Court's OSC issued on February 15, 2022. (OSC, ECF No. 19.) "District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)); *accord Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (holding that courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). This inherent power exists independently of a district court's authority to dismiss an action under Federal Rule of Civil Procedure 41(b). *Link*, 370 U.S. at 630–32.

1  "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be
2  imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

3  The circumstances in which a court may exercise its inherent power to dismiss an
4  action include where a plaintiff has failed to prosecute the case or failed to comply with a
5  court order. *Link*, 370 U.S. at 630; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989–90 (9th
6  Cir. 1999). In determining whether to exercise this power, "the district court must weigh
7  five factors including (1) the public's interest in expeditious resolution of litigation; (2) the
8  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
9  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
10 alternatives." *Ferdik*, 963 F.2d at 1260–61 (quoting *Henderson*, 779 F.2d at 1424, and
11 *Thompson*, 782 F.2d 829 at 831) (internal quotation marks omitted). Although it is
12 preferred, the district court is not required to "make explicit findings in order to show that
13 it has considered these factors." *Ferdik*, 963 F.3d at 1261.

14 Here, Petersen has failed to prosecute his action against Kasain. He has not complied
15 with the Court's OSC. Having weighed the appropriate factors, the Court concludes that
16 dismissing this case is warranted. *See Ferdik*, 963 F.2d at 1260–61. As explained in the
17 OSC, other than alleging that the wrongful levy occurred because of Kasain's tax debts,
18 Petersen's allegations are directed against IRS and Unger. None of the relief that Petersen
19 seeks is directed against Kasain. Even when the Complaint is liberally construed, Petersen
20 does not provide a simple, concise narrative that sets forth the injuries attributed to Kasain.
21 His Complaint cannot avoid a dismissal under Federal Rules of Civil Procedure 8 and
22 12(b)(6).
23 //
24 //
25 //
26 //
27 //
28 //

### III. CONCLUSION

Plaintiff's motion for reconsideration is denied. (ECF No. 20.)

Plaintiff has not complied with the Court's OSC as to why this case should not be dismissed under Rules 8 and 12(b)(6). Therefore, the Court **DISMISSES** this action **WITH PREJUDICE**. The Clerk of the Court is instructed to close this action and enter judgment.

**IT IS SO ORDERED.**

DATED: March 10, 2022

Hon. Cynthia Bashant
United States District Judge